# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BYRON SHANNON, | ) |
| | ) |
| Plaintiff, | ) No. 3:13-mc-00004 |
| | ) Judge Trauger |
| v. | ) |
| | ) |
| COMMANDER BRYAN JOHNSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **M E M O R A N D U M**

The plaintiff, an inmate at the Davidson County Jail in Nashville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Commander Bryan Johnson and other "unknown officers" in their individual and official capacities. (Docket No. 1). The plaintiff seeks an award of monetary damages, as well as injunctive relief. (*Id*. at p. 5). The plaintiff also has filed a motion to amend his complaint. (Docket No. 5).

## I.     PLRA Screening of the Complaint

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

1

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

## II. Section 1983 Standard

The plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III. Allegations in the Complaint

The plaintiff alleges that he was arrested and taken into custody on an unspecified date by police officers whose names he did not know at the time he filed his complaint. The plaintiff claims that, as a result of racial profiling, the police officers arrested the plaintiff without probable cause, illegally searched him, and failed to notify him of his Miranda rights. (Docket No 1. at p. 3). The plaintiff claims that he is being falsely imprisoned for a crime he did not commit. (*Id.*) He believes that defendant Commander Johnson is "crooked" and is related to "a corrupted D.A." involved in the plaintiff's state criminal charges. (*Id.* at p. 4).

**IV. Analysis**

First, the plaintiff names Commander Bryan Johnson as a defendant in his official and individual capacities. A suit against Commander Johnson in his official capacity is a suit against Johnson's official office rather than the individual himself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In essence, then, the plaintiff's claims are against the Davidson County Sheriff's Office, or Davidson County, Tennessee. *See Kentucky v. Graham*, 473 U.S. 159 (1985).

In order to bring a Section 1983 claim against a county, the plaintiff must claim that the alleged violations of his constitutional rights stemmed from a county policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-09 (6th Cir.1996). However, the plaintiff has not alleged that his rights were violated pursuant to a policy or regulation of Davidson County. Thus, whether construed as a claim against Commander Johnson in his official capacity or Davidson County itself, the plaintiff's allegations fail to state a claim upon which relief can be granted.

The plaintiff also names Bryan Johnson as a defendant in his individual capacity. However, there are no allegations in the complaint connecting Johnson to any wrongdoing. (Docket No. 1 at pp. 3-4). Although pro se pleadings are subject to liberal construction, *Haines v. Kerner*, 404 U.S. 519 (1972), liberal construction does not require the court to create a claim which the plaintiff has not spelled out in his complaint. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation. *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). Simply calling

3

Commander Johnson "crooked" is insufficient to state a federal civil rights claim. (Docket No. 1 at p. 4).

To the extent that the plaintiff claims that Johnson is liable because, as Commander, he had some type of supervisory role over the unnamed police officers who allegedly violated the plaintiff's civil rights, the law is settled that actions brought against state actors cannot be maintained on a theory of *respondeat superior, see e.g., Monell v. Dep't of Social Servs. of The City of New York*, 436 U.S. 658, 659, 691-95 (1978); *Taylor v. Mich. Dep't of Corrs.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tenn.*, 697 F.2d 121, 128 (6th Cir. 1982). For vicarious liability to attach, each defendant must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . ." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Because the plaintiff's allegations omit how Johnson was personally involved in the acts about which the plaintiff complains, the court will dismiss the Section 1983 claims against Johnson individually for failure to state claims upon which relief can be granted.

**V.     Motion to Amend**

In his original complaint, the plaintiff alleged claims against "unknown" Metro police officers, stating that he did not yet know the officers' names. (Docket No. 1). On January 25, 2013, the plaintiff filed a motion to amend his complaint to add more defendants to this case. (Docket No. 5).

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is filed . . . ." Rule 15(a), *Fed. R. Civ. P*. "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . ." Rule 15(a), *Fed. R. Civ. P*. Leave to amend a complaint "shall be freely given when justice so requires," *Id*.;

*see Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility, *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998)(citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

As no responsive pleading has been filed in this case, the plaintiff may amend his complaint once as a matter of right. Rule 15(a), *Fed. R. Civ. P*. However, upon reviewing the proposed amendments to the complaint, the court notes that the only change sought by the plaintiff is to add fourteen (14) defendants, most of whom appear to be police officers. (Docket No. 5). The plaintiff's motion to amend does not explain what specific roles, if any, these proposed defendants played in the conduct alleged in the complaint. A plaintiff "must allege how each defendant was personally involved in the acts about which the plaintiff complains." *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). The plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

Because the plaintiff's proposed amendments to the complaint do not explain how the fourteen (14) additional individuals were personally involved in the acts about which the plaintiff complains, even taking into account the amended allegations, the plaintiff's complaint fails to state claims against relief can be granted. The court cannot speculate as to what role, if any, these fourteen individuals played in the alleged violation of the plaintiff's civil rights. If the plaintiff wishes to pursue claims against any or all of the fourteen (14) individuals, he may file another

5

complaint but he must allege how each defendant was personally involved in the acts about which the plaintiff complains. For example, if the plaintiff alleges that any or all of these officers were involved in the alleged false arrest of the plaintiff, the plaintiff must say so.

**VI.     Conclusion**

For the reasons explained above, the plaintiff may amend his complaint as requested (Docket No. 5) but the court finds that the plaintiff's complaint, even as amended, fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). The plaintiff's complaint will be dismissed **without prejudice.**

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge